**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**                    CASE NO. 3:24 CV 34

    Plaintiff,

    v.                                                        JUDGE JAMES R. KNEPP II

**MICHAEL SCHERER,**

    Defendant.                                          **ORDER**


Currently pending before the Court is Defendant Michael Scherer's Motion to Compel Discovery. (Doc. 36). Scherer seeks disclosure of certain information relevant to the Government's use of an anonymous foreign tip in support of a search warrant. *Id.* at 1. He originally asserted this information was material to a forthcoming motion to suppress the fruits of that warrant. *Id.* Scherer initially alleged he had not received materials responsive to in specific requests for discovery:

1. Records describing how law enforcement identified the user of IP address 104.60.139.30.

2. The identity and name of the FLA [Foreign Law Enforcement Agency] that notified the FBI in August 2019[.]

3. Complete copies/records of the notifications or advisements sent by the FLA to the FBI determining that on May 5, 2019, a user of IP address 104.60.139.30 accessed online child sexual abuse material.

4. Further documentation provided by the FLA to the FBI naming the target website[.]

5. The country where servers hosting the website identified by the FLA in this case were located[.]

6. Name and identity of the FLA described at para[graph] 22 of the Search Warrant, if different from the one previously mentioned.

7. Documents, memorandums, and/or agreements addressing whether and/or how the FLA provided the information regarding the IP address in this case as part of a coordinated initiative or program with U.S. law enforcement[.]

8. Records describing "Operation Jarvis[.]"

9. [Received]

10. A full copy of the "lead" received from 'headquarters' by Amy J. Gloor on January 6, 2020.

*Id.* at 3-4.

Defendant seeks discovery under Federal Criminal Rule 16(a)(1)(E). That rule requires the Government to produce, upon request, items within the possession of the Government that is "material to preparing the defense." (Doc. 39, at 4). "It is a defendant's burden to make a *prima facie* showing of materiality in order to obtain disclosure of a document under Rule 16." *United States v. Dobbins*, 482 F. App'x 35, 41 (6th Cir. 2012) (citing *United States v. Phillip,* 948 F.2d 241, 250 (6th Cir. 1991)).

In his motion, Defendant asserts the requested discovery is material to a forthcoming motion to suppress the fruits of the underlying search warrant issued in this case. (Doc. 36, at 1).[1] He argued that all of the material requested was relevant because it "would indicate whether the government based its warrant application on an unreliable and insufficient foreign tip, or else was more deeply involved in the investigation than disclosed to the Court, likely in violation of the Fourth Amendment." *Id.* at 3. In response, the Government represents that on February 26, 2026, it provided listed items one through six and ten under a protective order. (Doc. 39, at 4). Thus, the only remaining dispute is over items seven and eight. The Government presents a multi-pronged argument as to why Defendant is not entitled to such discovery: that Defendant has not stated with

---

1. Prior counsel in this case moved to suppress challenging, *inter alia*, whether the search warrant was supported by probable cause. (Doc. 16). This Court denied that motion. (Doc. 23).

particularity how either remaining item is material to his defense; that Defendant has not identified how item eight ("records describing 'Operation Jarvis'") is relevant; and that item seven (information about whether the foreign law enforcement source provided information "as part of a coordinated initiative or program with U.S. law enforcement") is speculative. *Id.* at 5 (citing *United States v. Kiejzo*, 2022 WL 1078214, at *6 (D. Mass.)). It further asserts the Government "does not have any information relating to this request." *Id.* Anticipating Defendant might make a "joint venture" argument, the Government notes such an argument has been rejected in similar cases. *Id.* (citing *United States v. Bateman*, 2021 WL 3055014 (D. Mass)).

At a May 5, 2026, phone conference, the Court granted Defendant an extension of time until May 8, 2026, to file any reply brief and "[a]ny further motion practice." Counsel subsequently communicated to the Court he would not file a reply. Defendant has thus not responded to the Government's argument that he has failed to establish with particularity the materiality of items seven or eight. Without some further and additional explanation about how the requested evidence is relevant and material to Defendant's defense, the Court finds Defendant's requests are speculative and that he has not demonstrated entitlement to the requested discovery.

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion for Discovery (Doc. 36) be, and the same hereby is, DENIED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 5, 2026

3